**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DO2 LOGISTICS LLC and )<br>MUHAREM HUSEINOVIC )<br>)<br>Defendants. ) | Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint for Declaratory Judgment against Defendants, DO2 Logistics LLC and Muharem Huseinovic, Plaintiff, Great West Casualty Company ("GWCC"), by its attorneys, Tressler LLP, states as follows:

### INTRODUCTION

1. This is a declaratory judgment action, in which GWCC seeks a declaration that it owes no duty to defend or indemnify DO2 Logistics LLC ("DO2") with respect to the lawsuit entitled: *Muharem Huseinovic v. Donald Thomas, Neo Zone Inc. d/b/a OB Express, DO2 Logistics LLC, J Smith Transport Inc., J Smith Transport LLC, and OB Express Logistics Inc.*, case number 2024LA001273, filed in the Circuit Court of DuPage County, Illinois (the "Underlying Lawsuit").

2. An actual, substantial and judiciable controversy has arisen and now exists between DO2 and GWCC.

### PARTIES

3. Plaintiff GWCC is a Nebraska insurance company with its principal place of business in South Sioux City, Nebraska.

1

4. Defendant DO2 is an Illinois limited liability company with its principal place of business located in Shorewood, Illinois.

5. Defendant Muharem Huseinovic is an individual domiciled in the Village of Carol Stream, Illinois.

6. No specific relief is requested against Muharem Huseinovic ("Huseinovic"), as he is named solely as an interested party to be bound by the declaration of rights that GWCC seeks herein.

## JURISDICTION AND VENUE

7. Complete diversity of citizenship exists between GWCC, a citizen of Nebraska, and Defendants, who are citizens of Illinois. The amount in controversy exceeds $75,000 as it includes the cost to defend DO2 in the Underlying Lawsuit as well as an alleged obligation to indemnify DO2 for its alleged liability for the damages alleged by Muharem Huseinovic for severe and permanent injuries to his person, including pain and suffering, mental anguish, lost earnings, and loss of earning capacity, for an amount alleged to be in excess of $50,000.

8. Venue in this Court is proper under 28 U.S.C. §1391(b)(1) and (2) because the GWCC insurance policy that is the subject of the action was issued and delivered in this district and the Underlying Lawsuit was filed and remains pending in this district.

9. In view of the above, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 to hear this action and this Court is the proper venue in which to bring this action.

## FACTUAL BACKGROUND

### Underlying Action

10. On October 30, 2024, Huseinovic filed a complaint against Donald Thomas ("Thomas"), Neo Zone Inc. d/b/a OB Express, DO2, J Smith Transport Inc., J Smith Transport

2

LLC, and OB Express Logistics Inc., initiating the Underlying Lawsuit. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.

11. The Underlying Lawsuit alleges that on November 2, 2022, Thomas was operating a 2014 Freightliner truck (the "Truck") southbound on North 2nd Street near the 300th Block in Kane County, Illinois, in the curb lane near the intersection with State Street. *See* Exhibit 1, ¶ 19, ¶ 22.

12. The Underlying Lawsuit alleges that Huseinovic was operating a 2005 Honda Odyssey (the "Honda") southbound near the 300 block of North 2nd Street, in the center lane near the intersection with State Street. *See* Exhibit 1, ¶ 21.

13. The Underlying Lawsuit alleges that Thomas, suddenly and without warning, crossed into the center southbound lane, violently striking the passenger side of Huseinovic's vehicle (the "Collision"). *See* Exhibit 1, ¶ 23.

14. The Underlying Lawsuit alleges that as a result of the Collision, Huseinovic suffered severe injuries and Huseinovic's vehicle was declared a total loss. *See* Exhibit 1, ¶ 24, ¶ 25.

15. The Underlying Lawsuit alleges that DO2 owned, operated, and managed the Truck driven by its employee and/or agent, Thomas. *See* Exhibit 1, ¶ 16, ¶ 17.

16. The Lawsuit asserts the following causes of action against DO2: (1) Respondeat Superior, (2) Negligent Entrustment, (3) Negligent Hiring, (4) Negligent Training, and (5) Negligence. *See* Exhibit 1.

17. The Underlying Lawsuit seeks unspecified damages in an amount in excess of $50,000. *See* Exhibit 1.

18. GWCC received its first notice of the Underlying Lawsuit on June 30, 2025 when counsel for DO2 called GWCC to advise of the Collision and the Underlying Lawsuit.

## The Lease Agreement

19. On January 1, 2022, NEO and DO2 entered into a Lease Agreement (the "Agreement") whereby DO2 agreed to provide "services of plates and registration and renewal of the above for their owner operators trucks." A copy of the Agreement is attached hereto as Exhibit 2.

20. The Agreement provides that the motor carrier responsible for IFTA, FMCSA and DOT regulation will be NEO Zone, Inc. and all violations or accidents, if any, will be registered under NEO. *See id.*

## The Policy

21. GWCC issued to its named insured, DO2 Logistics LLC, a Commercial Lines Policy No. MCP61463C for the policy period of July 24, 2022 to July 24, 2023 (the "Policy"). A true and correct certified copy of the Policy with premium information redacted is attached hereto as Exhibit 3.

22. The Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations provide:

| ITEM TWO: Schedule of Coverages and Covered "Autos" ||
|---|---|
| **This policy provides only those coverages where a charge is shown in the premium column below.** Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Commercial Auto Coverage Part next to the name of the coverage. ||
| **COVERAGES** | **COVERED AUTOS** (Entry of one or more of the symbols from the COVERED AUTO Section of the Motor Carrier Coverage Form shows which "autos" are covered "autos") |
| COVERED AUTOS LIABILITY | 67, 68, 71 |

\*\*\*

**SYMBOL DESCRIPTION**

**67**      SPECIFICALLY DESCRIBED AUTO
**68**      HIRED AUTOS ONLY
**71**      NONOWNED AUTOS ONLY

\*\*\*

*See* Exhibit 3.

23. The Commercial Auto Coverage Part states:

**SECTION I −COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A.      **DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

SYMBOL DESCRIPTION

\*\*\*

**67= SPECIFICALLY DESCRIBED AUTOS.** Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you do not own while connected to any power unit described in Item Three).

**68= HIRED AUTOS ONLY.** Only those trucks and tractors you lease, hire, rent or borrow for 30 days or less and those "trailers" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households.

**71= NON−OWNED AUTOS ONLY**. Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while

5

        used in your business.

***

*See* Exhibit 3.

    24. The Policy further provides:

**SECTION II − COVERED AUTOS LIABILITY COVERAGE**

    **A.    COVERAGE**

        We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

        ***

        We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense".

        ***

*See* Exhibit 3.

    25. The Policy contains the following conditions, which are a prerequisite to coverage under the Policy:

**2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

    **(1)** How, when and where the "accident" or "loss" occurred;
    **(2)** The "insured's" name and address; and
    **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:
\* \* \*

    **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

6

*See* Exhibit 3.

26. The Policy includes the following relevant definitions:

**SECTION VI −DEFINITIONS**

C. **"Auto"** means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
\*\*\*

J. **"Insured"** means any person or organization qualifying as an "insured" in the Who is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each "insured" who is seeking coverage or against whom a claim or "suit" is brought.

T. **"Suit"** means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or…

to which this insurance applies are alleged.

*See* Exhibit 3.

## COUNT I – DECLARATORY JUDGMENT

27. GWCC re-alleges and incorporates the allegations as set forth in paragraphs 1-26 as if set forth herein.

28. Pursuant to the Policy's Covered Autos Liability Coverage, GWCC will pay all sums an "insured" legally must pay as damages because of "bodily injury" and "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". (Exhibit 3).

7

29. Pursuant to the Policy's Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations, the following "autos" are covered "autos": specifically described autos, hired autos only, and non-owned autos only. *Id.*

30. A "specifically described auto" is defined as "only those 'autos' described on the Schedule of Autos." *Id.*

31. A "hired auto" is defined as "only those trucks and tractors you lease, hire, rent or borrow for 30 days or less and those 'trailers' you lease, hire, rent, or borrow." *Id.*

32. A "non-owned auto" is "those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business." *Id.*

33. At the time of the accident, Thomas was operating a 2014 Freightliner truck.

34. There is no 2014 Freightliner truck scheduled on the Policy.

35. At the time of the Collision, DO2 was not the owner of the Truck operated by Thomas that is the subject of the Underlying Lawsuit.

36. At the time of the Collision, the Truck which is the subject of the Underlying Lawsuit was not leased, hired, rented or borrowed by DO2.

37. Accordingly, the truck operated by Thomas at the time of the Collision does not qualify as "specifically described autos", "hired autos only", or "non-owned autos only".

38. As the truck at issue in the Underlying Lawsuit does not qualify as a covered "auto", and the Policy provides coverage only for covered "autos", GWCC has no duty to defend or indemnify DO2 for the Underlying Lawsuit.

**COUNT II – DECLARATORY JUDGMENT**

39. GWCC re-alleges and incorporates the allegations as set forth in paragraphs 1-38 as if set forth herein.

40. Under the Policy, DO2 is required to give Great West prompt notice of any "accident" or "loss" that occurs.

41. The Collison which is the subject of the Underlying Lawsuit occurred on November 2, 2022, but was not reported to GWCC until June 30, 2025.

42. Under the Policy, DO2 is required to immediately send GWCC copies of any summons or legal paper received concerning a claim or a "suit."

43. The initial complaint in the Underlying Lawsuit was filed on October 30, 2024.

44. DO2 failed to immediately send GWCC copies of the summons or legal papers it received concerning the Underlying Lawsuit.

45. GWCC received its first notice of the Underlying Lawsuit on June 30, 2025, almost three years after the accident occurred, and eight months after the Underlying Lawsuit was filed.

46. As DO2 failed to comply with the notice provisions of the Policy, GWCC has no duty to defend or indemnify DO2 with respect to the Underlying Lawsuit.

WHEREFORE, Plaintiff, Great West Casualty Company, respectfully requests that this Court enter an Order finding and declaring that Great West Casualty Company has no duty to defend or indemnify Defendant DO2 Logistics LLC in the Underlying Lawsuit and that judgment be entered in its favor and against the Defendants, and grant such further or other relief to Great West Casualty Company as this Court deems just and proper.

                                        **GREAT WEST CASUALTY COMPANY**

                                        By: */s/ William K. McVisk*
                                                   One of its Attorneys

William K. McVisk
Kari A. Shane

TRESSLER LLP
233 South Wacker Drive – 61st Floor
Chicago, Illinois 60606-6399
Tel: (312) 627-4000
Fax: (312) 627-1717
WMcVisk@tresserllp.com
KShane@tresslerllp.com
Attorneys for Plaintiff Great West Casualty Company